UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TALON ROPER, )<br>)<br>Petitioner, )<br>)<br>v.  )<br>)<br>RICHARD BROWN, )<br>)<br>Respondent. ) | No. 2:20-cv-00030-JRS-MJD |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Talon Roper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVE 19-11-0014. Dkt. 1. The respondent has responded, dkt. 7, and the petitioner replied, dkt. 8. For the reasons explained in this Entry, Ms. Roper's habeas petition must be **denied**.

   **A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On November 4, 2019, Officer Hancock wrote a conduct report that charged Mr. Roper with class B offense 216, sexual conduct. The conduct report stated:

> On 11/4/19 at approximately 132 pm I C/O F. Hancock was escorting an offender out of FHU left fire door when offender Roper, Talon #211154 yelled "Hey Ms. Hancock" while groping his intimate parts and making sexually explicit hand gestures. Offender Roper was out to recreation when the incident occurred. Offender Roper resides in cell GHU 421.
> I, C/O F. Hancock, was offended by the actions of offender Roper.

Dkt. 7-1.

Officer Barker witnessed the incident and submitted a statement to the same facts, reporting that Mr. Roper made "a sexually explicit hand gesture" while "grabbing his intimate parts." Dkt. 7-2.

Mr. Roper was notified of his rights on November 12, 2019, pleaded not guilty, and did not request any witnesses. Dkt. 7-3. He requested a video review but the incident happened in the North Yard and there was no camera in the North Yard and one cannot see the North Yard from the F Housing Unit left wing camera. *Id.* A lay advocate was requested and provided.

At the November 14, 2019, hearing, Mr. Roper asked for the definition of the offense, and it was read to him. *Id.* At the hearing, Mr. Roper stated, "Neither Barker nor Hancock alleges that they were sexual aroused nor did they allege that Roper was sexual aroused nor did either determine how sexual aroused of myself or themselves was determined nor did either allege what intimate part I allegedly group. Thus [illegible] evidence requires my request for [illegible] dismissal of the said conduct report." Dkt. 7-5 (errors in original). The hearing officer considered the conduct report, the witness statement, and Mr. Roper's statement in determining that Mr. Roper had committed offense B-216, sexual conduct. *Id.* As noted, the video evidence request was denied because there is no camera in the yard. *Id.* For sanctions, the hearing officer deprived Mr. Roper

of 45 days of earned credit time and imposed a one-step demotion in credit class. *Id*.

Mr. Roper's appeals to the facility head and to the final reviewing authority for the Indiana Department of Correction were denied. Dkts. 7-7, 7-8.

**C.     Analysis**

Mr. Roper alleges that his due process rights were violated. His claims are: 1) he was not provided adequate notice of the charge; and 2) there was insufficient evidence to support the charge.

The offense of "sexual conduct" B-216 is defined, in part, as follows:

"Engaging in any of the following:

Clutching, exposing, fondling, or touching the offender's own intimate parts for the sexual arousal of the offender or others, whether clothed or unclothed, while observable by others."

Dkt. 7-6.

Mr. Roper first challenges the sufficiency of the notice he was given. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Id*.

In this case, Mr. Roper was given the time and date and location of the incident, the name and number of the offense (B-216 sexual conduct), and the facts that supported the charge. The reporting officer wrote that after Mr. Roper yelled her name, he groped his "intimate parts" and made "sexually explicit hand gestures." Dkt. 7-1.  During the hearing, the definition of the offense

was read to Mr. Roper. Mr. Roper argues that terms like "intimate parts" and "sexually explicit hand gestures" were not adequately explained or defined in the conduct report, but these contentions are frivolous. The Court finds that there was ample information provided to Mr. Roper on which he could prepare his defense.

Next, Mr. Roper challenges the sufficiency of the evidence. The evidentiary standard for disciplinary habeas claims, "some evidence," is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Roper argues that there is no evidence that either he or anyone else was sexually aroused. While the offense does require that the fondling or touching of the offender's intimate parts be done "for the sexual arousal of the offender or others," dkt. 7-6, the hearing officer could reasonably infer from the circumstances that Mr. Roper's actions were done for the purpose of his own arousal. Mr. Roper does not deny that he called out the female officer's name while he groped his intimate parts, *i.e.,* genitals, making a sexually explicit hand gesture. The conduct report and witness statement provide sufficient evidence to support the charge.

Mr. Roper was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Roper's due process rights.

### D. Conclusion

For the above reasons, Mr. Roper is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/4/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TALON ROPER
211154
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov